UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL KESSLER; CATHERINE BRADSHAW; WIN-WIN, INC., | Case No. 3:23-cv-05527-TMC |
| Plaintiffs, | ORDER DENYING MOTION TO DISMISS AND MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| STATE FARM FIRE AND CASUALTY COMPANY; HARTFORD CASUALTY INSURANCE COMPANY, | |
| Defendants. | |

Before the Court are Defendant Hartford Casualty Insurance Company's ("Hartford") motion to dismiss, Dkt. 17, and Plaintiffs Michael Kessler and Catherine Bradshaw's motion for preliminary injunction, Dkt. 21.[1] For the following reasons, both motions are DENIED.

## I.    BACKGROUND

---

[1] Kessler and Bradshaw styled this motion as an "emergency motion for preliminary injunction" on the docket. Dkt. 21. However, because the motion itself is titled "request for preliminary injunction" and because they did not cite rules relevant to temporary restraining orders, the Court treats it as a motion for preliminary injunction. *Compare* Fed. R. Civ. P. 65(a) (preliminary injunctions), *with* Fed. R. Civ. P. 65(b) (temporary restraining orders).

This case concerns a dispute over insurance coverage for damage to a geodesic dome structure owned by Kessler and Bradshaw that was caused by a falling maple tree. *See* Dkt. 42 ¶ 3.1. The building was both Kessler and Bradshaw's home and the location of their business, "an acupuncture clinic and herbal medicine pharmacy." *Id.* ¶¶ 3.1, 5.4. Kessler and Bradshaw's business, "Win-Win, Inc.", *see* Dkt. 12 ¶ 5.148(D), had a business insurance policy from Hartford. Dkt. 42 ¶ 5.2; Dkt. 18-1. Kessler and Bradshaw also had a homeowner's insurance policy from State Farm Fire and Casualty Company ("State Farm") that provided certain coverages for the building. *See* Dkt. 32 ¶ 2; Dkt. 32-2; Dkt. 32-3; Dkt. 32-4.

Kessler and Bradshaw, initially proceeding pro se, filed this lawsuit on June 11, 2023 against Hartford. Dkt. 1. They have since amended their complaint three times, Dkt. 7, 12, 42; added State Farm as a defendant, Dkt. 7; added Win-Win as a plaintiff, *see* Dkt. 42; and obtained legal representation, *see* Dkt. 41. Plaintiffs' third amended complaint alleges claims for breach of contract, breach of the implied duty of good faith and fair dealing, violation of the Washington Consumer Protection Act, RCW 19.86 ("CPA"), and violation of the Washington Insurance Fair Conduct Act, RCW 48.30.025 against both Hartford and State Farm. *See* Dkt. 42 ¶¶ 6.1–6.31.

On October 24, 2023, Hartford moved to dismiss all claims in Kessler and Bradshaw's second amended complaint on the grounds that neither party was a named insured in the insurance policy with Hartford, and, therefore, neither party had standing for any of their claims. *See generally* Dkt. 17. Kessler and Bradshaw responded, asking the Court to extend their time to search for counsel for Win-Win so that it could be added as a party, in light of this district's local rule requiring parties that are business entities to be represented by counsel. *See* Dkt. 25 at 2; LCR 83.2(b)(4). The Court granted Kessler and Bradshaw's request on November 27, 2023, re-noting the motion to dismiss and motion for preliminary injunction until December 22, 2023 to allow them additional time to retain counsel for Win-Win and add it as a plaintiff. Dkt. 38.

Subsequently, on December 21, 2023, Attorney Joseph Wolfley filed a certificate of appearance on behalf of all Plaintiffs, and Plaintiffs filed an amended complaint that included Win-Win as a party. Dkt. 41, 42. Both motions are ripe for the Court's consideration.

## II.    DISCUSSION

**A.  Motion to Dismiss[2]**

As stated, Hartford's only argument for dismissal is that Kessler and Bradshaw lacked standing on all their claims at the time of the motion's filing because they were not named as insureds in Hartford's insurance policy. *See* Dkt. 17 at 5. Since then, Win-Win, the named insured in the policy, *see* Dkt. 18-1 at 1, has been added as a plaintiff to this lawsuit for all claims for which Hartford seeks dismissal.[3] *See* Dkt. 42 ¶¶ 6.1–6.31.

The filing of an amended complaint generally moots a pending motion to dismiss unless the amended complaint is substantially identical to the original complaint. *Oliver v. Alcoa, Inc.*, No. C16-0741JLR, 2016 WL 4734310, at *2 n.3 (W.D. Wash. Sept. 12, 2016)**;** *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("[T]he Plaintiff's Second Amended Complaint superseded the First Amended Complaint . . . . Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in

---

[2] While Plaintiffs filed the third amended complaint over 21 days after service of Hartford's motion without affirmatively requesting leave to do so under Federal Rule of Civil Procedure 15(a)(2), the Court may nevertheless grant leave to amend sua sponte as long as the amendment would not be futile. *Zagorsky-Beaudoin v. Rhino Ent. Co.*, No. CV-18-03031-PHX-JAT, 2019 WL 4259788, at *10 (D. Ariz. Sept. 9, 2019) (first citing *Lacey v. Maricopa County*, 693 F.3d 896, 926 (9th Cir. 2012) (en banc); then citing *See Airs Aromatics, LLC v. Op. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014)). Amendment is not futile here; as stated, the third amended complaint cures the only deficiency that Hartford raised in its motion to dismiss. Moreover, the Court also finds that leave is appropriate given its extension of time for Kessler and Bradshaw to add Win-Win as a party (which they timely complied with) and Hartford's lack of stated opposition or motion to strike the pleading.

[3] The second and third amended complaints allege the same claims against Hartford and State Farm. *Compare* Dkt. 12 ¶¶ 6.1–6.31, *with* Dkt. 42 ¶¶ 6.1–6.31.

ORDER DENYING MOTION TO DISMISS AND MOTION FOR PRELIMINARY INJUNCTION - 3

effect, we conclude that the motion to dismiss should have been deemed moot before the district court granted it."). Although much of the second and third amended complaints are substantially similar, the Court finds that the addition of Win-Win as a plaintiff is sufficient to moot Hartford's motion since this change addresses the only deficiency Hartford identified in its motion to dismiss.

Accordingly, Hartford's motion to dismiss, Dkt. 17, is DENIED as MOOT.

**B.  Motion for Preliminary Injunction**

A preliminary injunction "is a matter of equitable discretion and is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (quotation marks and citations omitted).

"To obtain a preliminary injunction, a plaintiff must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities favors the plaintiff, and (4) that an injunction is in the public interest." *Geo Group, Inc. v. Newsom*, 50 F.4th 745, 753 (9th Cir. 2022) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The movant must make a showing on each element of the *Winter* test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Moreover, while stronger showings of certain factors may compensate for lesser showings of others, this "sliding scale" approach does not apply to the "irreparable harm" prong, which always requires the movant to show a "*likelihood*" of harm, not a mere possibility. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (emphasis added) (citing *Winter*, 555 U.S. at 22).

"[T]he mere allegations of a complaint" do not suffice to obtain a preliminary injunction, *Takiguchi v. MRI Int'l, Inc.*, 611 F. App'x 919, 921 (9th Cir. 2015) (citing *Winter*, 555 U.S. at

20), but the evidence submitted in support "need not strictly comply with the Federal Rules of Evidence." *CI Games S.A. v. Destination Films*, No. 2:16-cv-05719-SVW-JC, 2016 WL 9185391, at *11 (C.D. Cal. Oct. 25, 2016) (citing *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984)).

As to irreparable injury, monetary injury is generally not "irreparable," as monetary damages awarded in a final judgment are usually adequate to redress the harm, thus obviating the need for temporary preliminary relief. *See hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1188 (9th Cir. 2022); *Morgan Stanley & Co., LLC v. Couch*, 134 F. Supp. 3d 1215, 1234 (E.D. Cal. 2015) ("Injunctive relief is only available when legal remedies are 'inadequate.'"); 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2948.1 (3d ed.) ("Only when the threatened harm would impair the court's ability to grant an effective remedy is there really a need for preliminary relief.").

Plaintiffs' third amended complaint only requests monetary damages, Dkt. 42 at 38–39, and their motion for preliminary injunction only requests monetary relief. Dkt. 21 at 8–9. Kessler and Bradshaw's arguments and evidence supporting their motion for preliminary injunction focus on the extent of the damage to the geodesic dome. *See* Dkt. 21 at 5–8. However, this is not sufficient when the only relief requested is monetary; Kessler and Bradshaw have not shown that monetary damages in a final judgment would be "inadequate" to address their injury in this case. Accordingly, the motion for preliminary injunction, Dkt. 21, is DENIED.

### III.    CONCLUSION

For the foregoing reasons, Defendant Hartford Casualty Insurance Company's motion to dismiss, Dkt. 17, and Plaintiffs Michael Kessler and Catherine Bradshaw's motion for preliminary injunction, Dkt. 21, are DENIED.

Dated this 17th day of January, 2024.

Tiffany M. Cartwright
United States District Judge