1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL KESSLER; CATHERINE BRADSHAW; WIN-WIN, INC., | Case No. 3:23-cv-05527-TMC |
| Plaintiff, | ORDER ON MOTION FOR JOINDER, MOTION TO AMEND COMPLAINT, AND MOTION TO QUASH/STRIKE |
| v. | |
| STATE FARM FIRE AND CASUALTY COMPANY; HARTFORD CASUALTY INSURANCE COMPANY, | |
| Defendants. | |

Before the Court are pro se plaintiffs Michael Kessler, Catherine Bradshaw, and Win-Win Inc.'s motion for joinder of additional parties[1], Dkt. 62, and motion to amend complaint, Dkt. 72, and Defendant Hartford Casualty Insurance Company's ("Hartford") motion to quash/strike, Dkt. 86. For the following reasons, all motions are denied.

---

[1] Win-Win, Inc. is represented by counsel. It only joins in Kessler and Bradshaw's motion to amend.

ORDER ON MOTION FOR JOINDER, MOTION TO AMEND COMPLAINT, AND MOTION TO QUASH/STRIKE - 1

# I.    BACKGROUND

This case concerns a dispute over insurance coverage for damage caused by a falling maple tree to a geodesic dome structure owned by Kessler and Bradshaw. *See* Dkt. 42 ¶ 3.1. The building was both Kessler and Bradshaw's home and the location of their business, "an acupuncture clinic and herbal medicine pharmacy." *Id.* ¶¶ 3.1, 5.4. Kessler and Bradshaw's business, "Win-Win, Inc.", *see* Dkt. 12 ¶ 5.148(D), had a business insurance policy from Hartford, Dkt. 42 ¶ 5.2; Dkt. 18-1. Kessler and Bradshaw also had a homeowner's insurance policy from State Farm Fire and Casualty Company ("State Farm") that provided certain coverages for the building. *See* Dkt. 32 ¶ 2; Dkt. 32-2; Dkt. 32-3; Dkt. 32-4.

Kessler and Bradshaw first sued Hartford on June 11, 2023. Dkt. 1. They have since amended their complaint three times, Dkt. 7, 12, 42; added State Farm as a defendant, Dkt. 7; and added Win-Win as a plaintiff, *see* Dkt. 42. Plaintiffs now seek leave to amend their complaint once more[2] and join eight additional parties to this action: Ty Holland, a State Farm Claims Adjuster; Mitchell Holland, a Hartford Claims Adjuster; McBride Construction, whom State Farm hired to provide estimates for "restoring" the geodesic dome, Dkt. 42 ¶ 5.35–36; Jeffrey S. Leer, an estimator with McBride Construction; EFI Global, Inc., an engineering consulting firm retained by State Farm; Kirk Vance, an engineer with EFI; Paula Weissinger, an "Agent and Policy Administrator" with State Farm; and the Washington state Office of the Insurance Commissioner ("OIC"). Dkt. 62 at 3–4; Dkt. 72.

---

[2] Plaintiffs' motion for leave to amend is signed by Mr. Kessler, Ms. Bradshaw, and Attorney Joseph B. Wolfley, who is representing Plaintiff Win-Win, Inc. *See* Dkt. 72 at 5. However, a response filed by Win-Win to Hartford's motion to quash suggests that the motion for leave to amend was prepared and submitted only by Mr. Kessler. *See* Dkt. 88 at 2. The Court reminds Attorney Wolfley that he is subject to the requirements and potential penalties of Federal Rule of Civil Procedure 11—including the prohibition on frivolous legal arguments—for any filing that bears his signature. *See* Fed. R. Civ. P. 11(b, c).

ORDER ON MOTION FOR JOINDER, MOTION TO AMEND COMPLAINT, AND MOTION TO QUASH/STRIKE - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

On May 28, 2024, Kessler and Bradshaw filed a version of their proposed amended complaint without an accompanying motion requesting leave. *See* Dkt. 65. On June 7, 2024, the Court struck the filing for failure to address the relevant legal standards but granted Plaintiffs' leave to re-file the motion within fourteen days of the order and extended the scheduling order deadline for amended pleadings until that date. *See* Dkt. 71. Plaintiffs then re-filed the motion one day late, on June 24, 2024. *See* Dkt. 72.

## II.    DISCUSSION

**A.    Legal Standards**

Because Plaintiffs have moved for leave to amend to join new parties, Dkt. 62, 72, both Federal Rules of Civil Procedure 15 and 20 are relevant to their request. *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1374 (9th Cir. 1980) (considering Rules 15 and 20 in ruling on a request to amend pleadings to add a new defendant); *Hinson v. Norwest Fin. S. Carolina, Inc.*, 239 F.3d 611, 618 (4th Cir. 2001) (stating that a "court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a).").

*1.    Rule 6*

When a filing is made after the applicable scheduling order deadline, the Federal Rules of Civil Procedure require the movant to show excusable neglect for the late filing. *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). Courts assess the following factors to make this determination: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and

1    its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant

2    acted in good faith." *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007).

3            *2.     Rule 15*

4            Under Federal Rule of Civil Procedure 15(a)(2), to amend a complaint more than twenty-

5    one days after filing the original complaint, "a party may amend its pleading only with the

6    opposing party's written consent or the court's leave. The court should freely give leave when

7    justice so requires." Courts must apply this policy "with extreme liberality." *Eminence Cap.,*

8    *LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "A motion to amend under

9    Rule 15(a)(2) 'generally shall be denied only upon showing of bad faith, undue delay, futility, or

10   undue prejudice to the opposing party.'" *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143,

11   1152 (9th Cir. 2011). Of these factors, "the consideration of prejudice to the opposing party . . .

12   carries the greatest weight." *Eminence Cap.*, 316 F.3d at 1052. As to futility, "leave to amend

13   should be denied as futile only if no set of facts can be proved under the amendment to the

14   pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac.*

15   *R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018).

16           "The opposing party bears the burden to show why leave to amend should not be

17   granted." *Robertson v. Bruckert*, 568 F. Supp. 3d 1044, 1047 (N.D. Cal. 2021). The Court has

18   discretion to grant or deny a request to amend but must provide justification when it denies a

19   request. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a district court's discretion to

20   deny leave to amend is "particularly broad" where, as here, the moving parties have already

21   amended their pleadings. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

22           *3.     Rule 20*

23           Federal Rule of Civil Procedure 20 provides:

24

ORDER ON MOTION FOR JOINDER, MOTION TO AMEND COMPLAINT, AND MOTION TO
QUASH/STRIKE - 4

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). As to the first part of the test,

> "Instead of developing one generalized test for ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts seem to have adopted a case-by-case approach." "[L]anguage in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court."

*Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1187 (C.D. Cal. 2015) (quoting 7 Charles Alan Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 1653 (3d ed. rev.2014)). And as to subsection (B), "the rule permits party joinder whenever there will be at least one common question of law or fact." *Id.* Rule 20 is construed liberally "in order to promote trial convenience and to expedite the final determination of disputes." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F. 2d 914, 917 (9th Cir. 1977).

But "[e]ven once [the Rule's] requirements are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Visendi v. Bank of America, N.A.*, 733 F.3d 863 (9th Cir. 2013). As another Ninth Circuit decision explained in greater detail:

> [A] trial court must also examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness. For example, when making a decision whether to allow the permissive joinder of a party, a court should consider such factors as the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action.

*Desert Empire Bank v. Ins. Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980).

**B.      Analysis**

  *1.      Timeliness of Plaintiffs' Motion to Amend/Hartford's Motion to Strike/Quash*

  As explained above, Plaintiffs' motion to amend was filed after the Court's deadline to do so. Hartford moved to strike the motion for being untimely filed. Dkt. 86.

  The late filing of the motion does not justify striking it. The Court's June 7 order only stated that Plaintiffs' re-filed motion for leave to amend would be considered timely if filed by June 21; it did not say it would disregard the filing if made after that date. And when a filing is made after the applicable scheduling order deadline, the Federal Rules do not require striking the filing. Instead, they require the movant to show excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). Hartford's motion to strike is denied.

  *2.      Requirements under Rules 6, 15, and 20*

  As described above, Plaintiffs may further amend their complaint only if they show excusable neglect for their late filing, that the proposed amendments would not be futile, and that the new defendants meet Rule 20's requirements for joinder. *See supra* Section II.A.1–3.

   *a.   No common question of law or fact – OIC*

  One of the new parties Plaintiffs seek to add is the Washington state Office of the Insurance Commissioner. According to their motion, the new claims against OIC concern "inadequate oversight . . . regarding competency standards." Dkt. 72 at 2. "Despite regulatory mandates, the OIC failed to enforce certification requirements for salaried employees involved in Plaintiffs' insurance claim adjustments. This failure of oversight allowed unqualified individuals to manage Plaintiff's claim adjustments without the necessary expertise and training." *Id.* Plaintiffs' proposed amended complaint also contains allegations that OIC failed to investigate plaintiffs' complaints and failed to enforce the IFCA. Dkt. 72-2 at 23, 30–31. Although

potentially part of the same transaction or occurrence, there is no indication that the claims

against OIC would share any common question of law or fact with the existing claims in the

operative complaint and Plaintiffs provide no explanation on this point.[3] Moreover, Plaintiffs'

proposed amended complaint does not appear to contain the claims or allegations regarding

OIC's oversight referenced in the motion, and the new allegations that are included (failure to

investigate Plaintiffs' complaint and failure to enforce the IFCA) are conclusory. Plaintiffs'

requests to add OIC as a defendant and allege the above claims against it are denied.

*b.   Subject Matter Jurisdiction – Remaining New Defendants*

"Federal courts are courts of limited subject matter jurisdiction," that "possess only that

power authorized by Constitution and statute." *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir.

2016); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Put differently,

federal courts are only allowed to rule on certain types of legal claims; typically, those based on

federal law, or disputes based on state law that are between citizens of different states. *See* 28

U.S.C. § 1331 (conferring original jurisdiction to federal courts over "all civil actions arising

under the Constitution, laws, or treaties of the United States."); *see* 28 U.S.C. § 1332(a)

(providing for subject matter jurisdiction where "the matter in controversy exceeds the sum or

value of $75,000" and the suit is between "Citizens of different States."); 28 U.S.C. § 1332(c)(1)

("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has

been incorporated and of the State or foreign state where it has its principal place of

business."). The party asserting jurisdiction has the burden of proving it. *Kokkonen v. Guardian

Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

---

[3] As explained below, all proposed amendments are denied, so the Court will not consider
whether there may be common questions of law or fact with the other proposed amendments.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

As to the remaining proposed new defendants, Plaintiffs concede that "all additional parties are Washington residents." Dkt. 68 at 8. Since Mr. Kessler and Ms. Bradshaw are also domiciled in Washington, *see* Dkt. 42 at 2, joining the new defendants would destroy diversity, which is required for this Court to have jurisdiction over this case since Plaintiffs have asserted no claims arising under federal laws. *See Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff.").

The Court agrees with Defendants that allowing these claims, and destroying diversity in the process, would cause Defendants undue delay and prejudice, especially considering the number of times Plaintiffs have amended their complaint, which has already caused significant delay in this case. *See Arena Rest. & Lounge LLC v. Southern Glazer's Wine & Spirits, LLC*, No. 17-CV-03805-LHK, 2018 WL 4334631, at *8 (N.D. Cal. Sept. 10, 2018) (finding that further amendment would prejudice the defendants where the plaintiff had already filed four complaints). Because this case was originally filed in this Court, and was not removed from state court, the "appropriate course" if the Court finds it lacks diversity jurisdiction would be to dismiss the case without prejudice. *See Stricker v. Shor*, No. 17-cv-03491-HSG, 2018 U.S. Dist. LEXIS 67170, at *2 n.1 (N.D. Cal. Apr. 20, 2018). Since Plaintiffs are clearly not finished prosecuting their claims against the existing defendants, presumably they would re-file the case in state court, causing additional delay and prejudice to Hartford and State Farm. Prejudice is the most important factor in determining whether to grant leave to amend. The Court denies Plaintiffs' motion for leave to amend for all claims against these new defendants. Because the Court will not allow any of the new claims against the new defendants, there are not common issues of fact or law justifying their joinder to this lawsuit. For these reasons, both of Plaintiffs' motions are denied for these defendants.

1

2

    *c.  Ty Holland and Mitchell Holland (Claims Adjusters)*

3          There is additional reason to not join or allow amended claims against Ty Holland, a

4   State Farm Claims Adjuster and Mitchell Holland, a Hartford Claims Adjuster, whom Plaintiffs

5   seek to sue under the Insurance Fair Conduct Act ("IFCA"), RCW 48.30.015. Dkt. 62 at 4–5;

6   Dkt. 72-2 at 9.

7          Plaintiffs premise these claims on violations of Washington Administrative Code

8   ("WAC") 284-30-330(1), which provides that it is an "unfair method[] of competition and unfair

9   or deceptive acts or practices of the insurer in the business of insurance" to "[m]isrepresent[]

10  pertinent facts or insurance policy provisions." "[A] violation of WAC 284-30-330 is 'a per

11  se unfair trade practice' that in turn constitutes a violation of the IFCA." *Reverse Now VII, LLC*

12  *v. Or. Mut. Ins. Co.*, No. C16-209-MJP, 2018 WL 646880, at *5 (W.D. Wash. Jan. 30, 2018)

13  (quoting *Perez-Cristanos v. State Farm Fire & Cas. Co.*, 187 Wn.2d 669, 680–85, 389 P.3d 476

14  (2017)). However, in *Keodalah v. Allstate Ins. Co.*, the Washington Supreme Court held that

15  insurance claims adjusters cannot be held liable under the Washington Consumer Protection Act

16  ("CPA") for underlying violations of WAC 284-30-330:

17          As for the WAC violations, Keodalah's complaint described alleged violations
            found in WAC 284-30-330(2), (4), (6), (7), (8), and (13). All of those subsections
18          are preceded by this language: "The following are hereby defined as unfair methods
            of competition and unfair or deceptive acts or practices *of the insurer* in the business
19          of insurance, specifically applicable to the settlement of claims ....". While a
            violation of WAC 284-30-330 is a per se unfair trade practice, Smith did not owe
20          Keodalah a duty under that regulation because that regulation defines only unfair
            acts or practices of the insurer. Because Smith is not the insurer, Keodalah cannot
            seek to enforce the regulation against Smith.

21  194 Wn.2d 339, 350, 449 P.3d 1040 (2019) (internal citations omitted) (emphasis in original).

22  The same reasoning applies to IFCA claims; Ty and Mitchell Holland are claims adjusters, not

23  insurers. Any claims against them for violations of WAC 284-30-330 are therefore invalid under

24  Washington law and futile. Without any claims against them, there necessarily are not any

ORDER ON MOTION FOR JOINDER, MOTION TO AMEND COMPLAINT, AND MOTION TO
QUASH/STRIKE - 9

common questions of law or fact justifying joinder. Plaintiffs' motions to join and add claims against Ty and Mitchell Holland are also denied for these reasons.

> d. *New Allegations and Claims Against Existing Defendants*

Plaintiffs' proposed amended complaint also appears to contain new allegations and claims against Hartford and State Farm. *See, e.g.*, Dkt. 72-2 at 10–19. As previously discussed, the fact that Plaintiffs have already filed three complaints weighs in favor of a finding that Defendants will be prejudiced by additional amendment. Plaintiffs' motion also does not address the relevant legal standards—namely, why there is excusable neglect for the late filing—despite being reminded by the Court in its June 7 order to do so when re-filing the motion. Dkt. 71.[4] Plaintiffs' motion to amend is denied as to their new allegations and claims against Hartford and State Farm.

## III.   CONCLUSION

For the reasons stated above, the Court DENIES Plaintiffs' motion for joinder of additional parties, Dkt. 62, Plaintiffs' motion to amend complaint, Dkt. 72, and Defendant Hartford Casualty Insurance Company's ("Hartford") motion to quash/strike, Dkt. 86.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

---

[4] Plaintiffs are not entitled to the liberal construction afforded to pro se parties for the motion for leave to amend because the motion is signed by Attorney Wolfley. *See* Dkt. 72 at 5. Relatedly, the Court does not consider the arguments made in Plaintiffs' response to Hartford's motion to strike regarding the excusable neglect factors (which was filed after the reply deadline for the motion to amend had passed); plaintiffs needed to make these arguments in their motion for leave to amend as the Court instructed in its June 7 order. And the Court does not consider the arguments made in Plaintiffs' actual reply to the motion, which was filed well after the applicable deadline. Dkt. 90; *see* LCR 7(d)(3).

ORDER ON MOTION FOR JOINDER, MOTION TO AMEND COMPLAINT, AND MOTION TO QUASH/STRIKE - 10

Dated this 14th day of August, 2024.

Tiffany M. Cartwright
United States District Judge