1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL KESSLER; CATHERINE BRADSHAW; WIN-WIN, INC., <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY; HARTFORD CASUALTY INSURANCE COMPANY, <br><br> Defendant. | Case No. 3:23-cv-05527-TMC <br><br> ORDER ON MOTION TO WITHDRAW |

## I.    INTRODUCTION

Plaintiffs Michael Kessler and Catherine Bradshaw operate Plaintiff Win-Win, Inc., a herbal and acupuncture clinic, out of their home. Plaintiffs sued Defendants Hartford and State Farm Insurance alleging that the two companies failed to appropriately cover damage to their home and business. Though Plaintiffs Kessler and Bradshaw decided to proceed pro se, they were required by both the local rules of this District and the laws of this Circuit to find representation for their business, Win-Win. The Court stayed the litigation while Plaintiffs sought counsel. They were ultimately successful and hired Attorney Joseph Wolfley to represent Win-Win.

But Mr. Wolfley has faced many challenges in working with Plaintiffs Kessler and Bradshaw and representing Win-Win. He now seeks to withdraw from representation, explaining that these challenges have eroded his mental health and wellbeing. Were he to do so at this late stage in the litigation, however, Win-Win would be left without counsel; claims against Hartford insurance (which covers only the business) would be dismissed; and the case would be further delayed. Because of this significant prejudice that would result, Mr. Wolfley's motion to withdraw as counsel is DENIED. Mr. Wolfley is encouraged to work with his law firm to fulfill the firm's responsibilities to its client, as discussed below.

## II.    BACKGROUND

This case arises out of a dispute between Plaintiffs Michael Kessler and Catherine Bradshaw and Defendants Hartford Insurance and State Farm Insurance regarding the insurers' coverage of Plaintiffs' business and home. *See* Dkt. 42. Kessler and Bradshaw are a married couple that reside on Bainbridge Island. *Id.* ¶ 1.1. The pair run Win-Win, Inc., an acupuncture clinic and "herbal pharmacy." *Id.* They operate the business out of their home, which is insured by both State Farm Fire and Casualty Company (homeowner insurance) and Hartford Casualty Insurance Company (business insurance). *Id.* ¶¶ 1.1–1.2, 5.2–5.3, 5.11. On January 13, 2021, a large maple tree crashed into the geodesic dome that serves as the Bradshaw's home and their place of business. *Id.* ¶¶ 3.1–3.2. The entire top floor of the home was crushed and the clinic on the first floor sustained significant damage. *Id.* ¶ 3.2. Plaintiffs reported the loss to both State Farm and Hartford. *Id.* ¶ 5.7.

Kessler and Bradshaw, initially proceeding pro se, filed this lawsuit on June 11, 2023 against Hartford. Dkt. 1. Plaintiffs' amended complaint alleges claims for breach of contract, breach of the implied duty of good faith and fair dealing, violation of the Washington Consumer Protection Act, RCW 19.86 ("CPA"), and violation of the Washington Insurance Fair Conduct

Act, RCW 48.30.025 against both Hartford and State Farm. Dkt. 42 ¶¶ 6.1–6.31. Plaintiffs claim that they were denied temporary replacement personal housing and temporary replacement business premises. *Id.* ¶ 5.10. Plaintiffs also claim that State Farm denied coverage for immediate services from a qualified engineer. *Id.* ¶ 5.17. They further allege bad faith in later adjustments to and coverage of the claim. *Id.* ¶¶ 5.17, 5.24, 5.44.

On October 24, 2023, Hartford moved to dismiss all claims in Kessler and Bradshaw's second amended complaint on the grounds that neither party was a named insured in the insurance policy with Hartford, and, therefore, neither party had standing for any of their claims. *See generally* Dkt. 17. Hartford only covered insurance for Win-Win. *See id.* Kessler and Bradshaw asked the Court to extend their time to search for counsel for Win-Win so that it could be added as a party, considering this District's local rule requiring parties that are business entities to be represented by counsel. *See* Dkt. 25 at 2; LCR 83.2(b)(4). The Court granted Kessler and Bradshaw's request on November 27, 2023, re-noting the motion to dismiss and motion for preliminary injunction until December 22, 2023 to allow them additional time to retain counsel for Win-Win and add the business as a plaintiff. Dkt. 38.

The Kesslers secured representation. On December 21, 2023, Attorney Joseph Wolfley appeared on behalf of all Plaintiffs, and Plaintiffs filed a third amended complaint that included Win-Win as a party. Dkt. 41, 42. In February 2024, the Court granted Mr. Wolfley's motion to withdraw as counsel for Kessler and Bradshaw, and he remained as counsel of record only for Win-Win. Dkt. 59.

But eight months later, on October 30, 2024, Mr. Wolfley moved to withdraw from representing Win-Win as well. Dkt. 95. Mr. Wolfley requests withdrawal because his mental health has deteriorated significantly and is "negatively impacting his ability to represent his client." *Id.* at 4. Mr. Wolfley insists "that there exists a conflict of interest between himself and

the client due to a decline in mental health caused by the exacerbation of preexisting mental health conditions, brought on, in pertinent part, by the challenging expectations of the clients as opposed to the attorney's duties and responsibilities towards this Court, opposing counsel, and his law firm." *Id.* Mr. Wolfley also maintains that there is no substitute attorney available in his firm. *Id.*

Plaintiffs have "looked for substitute counsel" and "[s]o far, none have been able or willing to take over the case." *Id.* Plaintiffs Kessler and Bradshaw opposed Mr. Wolfley's motion to withdraw. *See* Dkt. 97; Dkt. 98. Defendants Hartford and State Farm have not filed any briefing. The motion is fully briefed and is ripe for the Court's consideration.

### III.    LEGAL STANDARD

To withdraw from representation, an attorney must comply with the local rules of this District and show the Court that the attorney has "justifiable cause" to withdraw. *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941); *see also Putz v. Golden*, No. C10-0741JLR, 2012 WL 13019202, at *3 (W.D. Wash. Aug. 3, 2012). Pursuant to LCR 83.2, "[n]o attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court" if the withdrawal would leave a litigant unrepresented. LCR 83.2(b)(1)–(3). Withdrawal is "ordinarily" permitted until 60 days before the discovery cutoff in civil cases and at the court's discretion in criminal cases. LCR 83.2(b)(1). After that period has passed, the local rule acts as a presumption against withdrawal. *See United States Fire Ins. Co. v. Oxbo Inc.*, No. 3:22-CV-05228-TMC, 2024 WL 1659526, at *1 (W.D. Wash. Apr. 17, 2024) ("[T]here is a presumption against withdrawal at this late stage in the case.")

"Mere technical compliance" with the local rules also "does not guarantee counsel will be permitted to withdraw." *Doe v. Revature LLC*, No. 2:22-CV-01399-TL, 2023 WL 4492347, at *1 (W.D. Wash. June 9, 2023) (citing *Putz*, 2012 WL 13019202, at *3). The district court holds

"broad discretion" to grant or deny a motion to withdraw as counsel. *Id.* (first citing *Putz*, 2012 WL 13019202, at *3; and then citing *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998)). In exercising this discretion, district courts in the Ninth Circuit consider four factors in assessing motions to withdraw as counsel: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Protingent, Inc. v. Gustafson-Feis*, No. 2:20-cv-01551-TL, 2022 WL 2479124, at *1 (W.D. Wash. July 6, 2022) (citation omitted). If these factors favor withdrawal, then the attorney may have justifiable cause to withdraw. *See, e.g.*, *Putz*, 2012 WL 13019202, at *3; *Lovvorn v. Johnston*, 118 F.2d at 706.

## IV.    DISCUSSION

### A.    Timing of Motion

As discussed above, under the local rules of this District, attorneys "will ordinarily be permitted to withdraw until sixty days before the discovery cut off date in a civil case." LCR 83.2(b)(1). After that point, there is a presumption against withdrawal because of the prejudice it may cause to the parties. *See Oxbo Inc.*, 2024 WL 1659526, at *1.

Here, Mr. Wolfley moved to withdraw on October 30, 2024. Dkt. 95. The noting date for the motion was November 20, 2024. *Id.* In the Court's order setting the jury trial and pretrial dates, it set the discovery motions deadline for November 20, 2024 and the discovery completion deadline for December 20, 2024. Dkt. 58 at 1. Mr. Wolfley's motion was filed 52 days before the discovery cutoff. There is thus a presumption against withdrawal, and the Court turns to the Ninth Circuit's factors to determine whether withdrawal should be permitted despite the late stage of the litigation.

**B.    Reasons Withdrawal is Sought**

    *1.    Attorney Wolfley's Mental Health*

    The Court turns to the first of the factors: the reason Mr. Wolfley has requested withdrawal. Mr. Wolfley asks to withdraw because of the harm that working on this case has wrought on his mental health. Dkt. 95 at 4. Under Washington Rule of Professional Conduct (RPC) 1.16(a)(2), an attorney shall withdraw where "the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client."

    Mr. Wolfley "has certified that he is suffering from a mental health decline, and it is negatively impacting his ability to represent his client." Dkt. 95 at 4. Mr. Wolfley has been diagnosed with anxiety and depression. Dkt. 95-1 at 1. He describes experiencing "the exacerbation of preexisting mental health conditions, brought on, in pertinent part, by the challenging expectations of the clients." Dkt. 95 at 4. He points to several factors that have made his work on this case exceptionally difficult:

> Plaintiffs cannot afford an attorney, but they need one. To date, they have contributed a token retainer, and have sought to limit any need for further contribution. To balance these concerns, Plaintiffs have placed direct and unambiguous boundaries around my ability to negotiate, submit discovery, communicate with opposing counsel, and perform legal research in writing. I can appreciate the challenge of balancing the opposing interests of cost and control. The result of this balancing act is that I must perform a great deal of work reviewing and correcting Plaintiffs' efforts to manage their case, or I must simply sign my name to it without regard to its contents. Either way, I end up working for hours without adequate compensation (which has happened quite a bit), or I am signing my name to something I may not be comfortable with.

Dkt. 95-1 at 1–2. Mr. Wolfley maintains that, because of these challenges, he cannot focus on improving his mental health without stepping back from the case. *Id.* at 1. Typically, "[t]he process of correcting this trend takes time and a great deal of effort refocusing my goals and expectations, transferring cases to others in the office or to other law offices, or stepping away for a while from an area of practice that causes stress[.]" *Id.*

ORDER ON MOTION TO WITHDRAW - 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

There is "very little case law interpreting" rule 1.16(a)(2). *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Cunningham*, 812 N.W.2d 541, 548 (Iowa 2012). But Washington's RPC 1.16(a)(2) is identical to the American Bar Association's (ABA) Model Rule. Many states have similarly adopted ABA Model Rule 1.16(a)(2), so cases interpreting 1.16(a)(2) offer guidance.

For example, in *Northwestern Mutual Life Insurance Company v. Ulanowski*, the District of Minnesota faced a similar question. No. CV 11-35 (RHK/LIB), 2012 WL 13028742, at *2 (D. Minn. Mar. 5, 2012). There, the attorney argued that he was "instructed by a qualified medical professional to significantly reduce the stressors . . . exacerbating his depression, including withdrawal from this case." *Id.* The attorney submitted a letter from his psychologist providing that "continued involvement in this case is likely to result in further exacerbation of his depression with a corresponding reduction in functioning." *Id.* Nonetheless, the Court found that withdrawal was not permissible, nor required, because the rule only requires withdrawal when a health condition "materially impairs the lawyer's ability to represent the client." *Id.* Nothing in the record showed that the attorney was "materially impaired from representing his client." *Id.*

Here, Mr. Wolfley has not provided similar documentation. *See generally* Dkt. 95; Dkt. 95-1; *In re Disciplinary Proc. Against Cohen*, 150 Wash. 2d 744, 82 P.3d 224 (2004) (declining during disciplinary proceedings to find that withdrawal for mental health concerns was appropriate where individual provided minimal evidence of alleged health conditions). He has asserted that he is impaired from representing his client. *See, e.g.*, Dkt. 95 at 2; Dkt. 95-1 at 2. But this assertion lacks detail. Mr. Wolfley points to Plaintiffs' behavior: seeking to limit costs; placing boundaries around Mr. Wolfley's ability to effectively carry out the litigation; and

challenging his legal research and writing. Dkt. 95-1 at 2.[1] Because of these restrictions, Mr. Wolfley has been forced into a "balancing act," often performing work without "adequate compensation." *Id.* He thus states that he cannot "do the work effectively[.]" *Id.*

The Court has fully considered and appreciates the anxiety and depression this case is causing Mr. Wolfley. Dkt. 95-1 at 2. This is a valid reason for requesting withdrawal, as is obvious from the language of Rule 1.16(a)(2). But the record does not establish that Mr. Wolfley is materially impaired under that Rule, his motion was filed after the presumptive deadline for withdrawal under the Local Rules, and Plaintiffs oppose his withdrawal. Under those circumstances, and considering the factors below, the Court will not allow withdrawal at this late stage given the harm it would cause to the parties. *See Airbiquity Inc. v. AT&T Mobility LLC*, No. C08-94Z, 2009 WL 10676495, at *2 (W.D. Wash. Aug. 14, 2009) ("Even if [the attorney] might have good cause for withdrawal, the Court may and does order [the attorney] to continue representing plaintiff.").

Mr. Wolfley is urged to "to contact the Washington State Bar Association to seek assistance from the Lawyers Assistance Program, and to find counsel for his clients while he attends to his own physical and mental health issues." *Moba v. Total Transp. Servs. Inc*., No. C13-138 MJP, 2014 WL 3050461, at *4 (W.D. Wash. July 3, 2014). As discussed below, this should be possible within his own firm.

### 2.    *Firm's Capacity*

Mr. Wolfley further alleges that he must withdraw because no one within his firm can substitute for him. Dkt. 95-1 at 2. He explains, "Plaintiffs have expectations that my law partner,

---

[1] While RPC 1.16(b)(6) allows representation to be terminated when an unreasonable financial burden has been placed on the lawyer or representation has been rendered unreasonably difficult by the clients, Mr. Wolfley has not relied on this rule in his motion.

or young associate would substitute for me. However, my law partner, Lane J. Wolfley (age 72) is currently retired from the practice of civil law, and focuses only on a very few criminal conflict cases in Clallam County." Dkt. 95 at 3–4.

This argument is unavailing. Mr. Wolfley himself concedes that, because of the "serious decline" in his mental health, he has "already handed over some cases to other attorneys at our firm[.]" Dkt. 95-1 at 2. Further, Plaintiffs, in their opposition to the motion, explain that others in the firm have already done work on the case. In February 2024, Mr. Wolfley faced "ongoing personal difficulties, which prevented him from filing the Initial Disclosures and Status Report on time. . . . During this period, Mr. Lane Wolfley [the senior partner in the firm] temporarily stepped in on behalf of Win-Win, Inc. to manage communications with opposing counsel[.]" Dkt. 97 at 6; Dkt. 97-4 at 1; Dkt. 97-5 at 1. It appears that, though Mr. Lane Wolfley is mostly retired and focuses on criminal cases, he may be able to take over the remainder of this litigation, or supervise the firm's associate in handling the case.

**C.    Prejudice Withdrawal May Cause to Other Litigants**

The second factor courts consider in deciding whether to allow withdrawal is the prejudice it may cause to other litigants. Defendants have not responded to Mr. Wolfley's Motion to Withdraw. When a motion to withdraw is unopposed, it indicates "that Defendants do not perceive a detriment to their ability to litigate." *Doe v. Revature LLC*, No. 2:22-CV-01399-TL, 2023 WL 4492347, at *1 (W.D. Wash. June 9, 2023) (citing *Jinni Tech, Ltd. v. RED.com, Inc.*, No. C17-0217, 2019 WL 2578591, at *3 (W.D. Wash. June 24, 2019)). This factor does not weigh against withdrawal.

**D.    Harm Withdrawal May Cause to the Administration of Justice**

Third, the Court asks if withdrawal will harm the administration of justice. The potential harm here is significant: Win-Win would be left without counsel, cannot represent itself, and

would face imminent dismissal of its claims. It is the Court's responsibility to consider this harsh result when exercising its discretion to allow leave to withdraw. *See CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-CV-02999MCEKJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) ("A grant of attorney's motion to withdraw would effectively place the [Defendant] in immediate violation of local rules as they would no longer have counsel to represent them. It is the duty of the trial court to see that the client is protected . . . from the consequences of an attorney's abandonment.").

Under both the law of this Circuit and the local rules of this District, only a "person" may proceed pro se. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–202 (1993). It has long been the law that corporations may "appear in the federal courts only through licensed counsel," and "the rationale for that rule applies equally to all artificial entities." *Id.* at 202 (citations omitted). Thus, "[c]orporations and other unincorporated associations must appear in court through an attorney." *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (collecting cases). Local Civil Rule 83.2(b)(4) adds:

> A business entity, except a sole proprietorship, must be represented by counsel. If the attorney for a business entity, except a sole proprietorship, is seeking to withdraw, the attorney shall certify to the court that he or she has advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties.

Allowing withdrawal now would harm the administration of justice. If Mr. Wolfley leaves the case, and if Win-Win cannot find new counsel, its claims will be dismissed. *See, e.g.*, *Curtis v. Illumination Arts, Inc*., No. C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014) (refusing withdrawal under similar facts). Because Win-Win is covered by a different

insurer (Hartford) than the Kesslers (State Farm), Defendant Hartford would be dismissed from the case and the claims against it would not be considered.

The record suggests that Win-Win may not be able to find replacement counsel. Mr. Wolfley attests that he has "made a good faith effort at locating a substitute attorney for Win-Win, Inc." and he "has yet to locate one." Dkt. 95-1 at 3. Plaintiffs have also reached out to other attorneys and thus far been unsuccessful. *Id.* Plaintiffs were only able to obtain Mr. Wolfley's assistance through a referral from a former music teacher. Dkt. 97 at 2. It is unclear how Plaintiffs would find counsel for Win-Win again. This factor weighs heavily against granting Mr. Wolfley's motion to withdraw.

**E.    Degree to Which Withdrawal May Delay Case Resolution**

Finally, the Court considers any delays that withdrawal may cause. Withdrawal will delay resolution as Plaintiff Win-Win will need to seek new counsel. *See infra* Sec. IV.D. This may be difficult, if not impossible. *See id.* It is unclear how long this may delay the case's resolution.

And it would not be the first time that finding counsel for Win-Win has delayed the case. Kessler and Bradshaw first asked the Court to extend their time to find counsel for Win-Win so that it could be added as a party in November 2023. *See* Dkt. 25 at 2. The Court granted Kessler and Bradshaw's request on November 27, 2023, re-noting the motion to dismiss and motion for preliminary injunction until December 22, 2023 to allow Plaintiffs additional time to retain counsel for Win-Win. Dkt. 38. Plaintiffs found Mr. Wolfley and he appeared as Win-Win's counsel on December 21. Dkt. 41. It took Plaintiffs at least from the time they filed this case in June 2023 until December 2023 to find representation. *See* Dkt. 1, Dkt. 25; Dkt. 41; Dkt. 42.

Thus, despite the serious claims that Mr. Wolfley makes about the challenges he faces, the Court finds that the "factors the court considers weigh against withdrawal." *Curtis*, 2014 WL 556010, at *4; *see also Putz*, 2012 WL 13019202, at *4 ("Although the court believes that

counsel has set forth legitimate reasons for withdrawal of representation, because other factors the court considers weigh so heavily against withdrawal, the court is unable to conclude that it can reasonably permit counsel to withdraw[.]"). The Court encourages Mr. Wolfley to work with the other attorneys in his firm to ensure they maintain their responsibilities to their client while addressing his health needs.

## V.    CONCLUSION

For the reasons explained above, the Motion to Withdraw is DENIED. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 3rd day of December, 2024.

Tiffany M. Cartwright
United States District Judge