UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL KESSLER; CATHERINE BRADSHAW; WIN-WIN, INC.,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY; HARTFORD CASUALTY INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:23-cv-05527-TMC<br><br>ORDER ON JANUARY 27, 2024 STATUS CONFERENCE AND MOTION TO CONTINUE DISCOVERY DEADLINE |

On January 27, 2025, the Court conducted a status conference regarding several issues raised in the Parties' status reports and Plaintiffs Michael Kessler and Catherin Bradshaw's motion to continue the discovery deadline. Dkt. 126; Dkt. 129; Dkt. 133.Consistent with the Court's oral ruling, the Court orders the following:

1) Defendant Hartford Casualty Insurance Company's request that Plaintiff Win-Win be ordered to supplement its responses to Hartford's second set of written discovery requests—seeking production of attorney-client documents—is DENIED without prejudice. Dkt. 129 at 2–4. "The attorney-client privilege is one of the oldest recognized

ORDER ON JANUARY 27, 2024 STATUS CONFERENCE AND MOTION TO CONTINUE DISCOVERY
DEADLINE - 1

privileges for confidential communications." *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998) (citing cases). The privilege is intended to encourage "full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *Id.* (citations omitted). But the protection may be waived. *See, e.g.*, *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). "Voluntary disclosure of privileged communications constitutes waiver of the privilege for all other communications on the same subject." *Id.* (citing *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981)). Defendant Hartford contends that "[i]n connection with responding to counsel's [motion to withdraw], pro se litigants Kessler and Bradshaw disclosed confidential attorney-client communications, thereby waiving any attorney-client privilege." Dkt. 129 at 2. If Plaintiffs Kessler and Bradshaw waived any privilege when they disclosed these documents, they did so only for those "on the same subject." *Richey*, 632 F.3d at 566. Defendant Hartford may file a written motion to compel if it believes there is a subset of documents that are relevant to discovery for which Plaintiffs' Kessler and Bradshaw waived attorney-client privilege.

2) For the reasons stated on the record, Plaintiff Win-Win is directed to supplement its responses to Defendant Hartford's first set of interrogatories and requests its production. Plaintiff Win-Win must identify the portions of its recent document production that are responsive to each of Defendant Hartford's requests. Win-Win's supplemental responses must be served on Hartford no later than February 26, 2025.

3) Defendant Hartford is instructed to produce documents related to financial incentives or compensation for Hartford's claims adjustor, as stated on the record. *See* Dkt. 120; Dkt. 122. As explained during the conference, employee compensation information for claim

ORDER ON JANUARY 27, 2024 STATUS CONFERENCE AND MOTION TO CONTINUE DISCOVERY DEADLINE - 2

department employees is discoverable in Washington. *Bagley v. Travelers Home & Marine Ins. Co.*, No. C16-0706 JCC, 2016 WL 4494463, at *5 (W.D. Wash. Aug. 25, 2016) (citing *Miller v. Kenny*, 180 Wash. App. 772, 813, 325 P.3d 278 (2014)); *see also Wright v. State Farm*, No. 2:23-cv-179-JNW, 2024 WL 4979849, at *1–3 (W.D. Wash. Dec. 4, 2024). Defendant Hartford must serve these supplemental responses no later than February 26, 2025.

4) For the reasons stated on the record, Plaintiffs' motion to continue the discovery deadline, Dkt. 126, is GRANTED. The following dates will be adjusted accordingly:

   a. The current trial date and pre-trial deadlines are stricken;
   b. The parties have until February 26, 2025 to complete their supplemental productions to outstanding written discovery;
   c. The parties have until March 14, 2025 to complete the depositions they have already planned;
   d. The dispositive motion deadline is re-set to April 14, 2025.

5) The parties shall, no later than March 14, 2025, file a joint status report identifying each party's availability for a new trial date and describing in detail any scheduling conflicts (such as other trial dates or pre-planned vacations) that interfere with setting a new trial date. The court will set a new trial date and the remaining pre-trial deadlines after receipt of the joint status report. Based on the new dispositive motions deadline of April 14, 2025, the new trial date will not be earlier than August 18, 2025.

6) For the reasons stated on the record, the parties are directed to confirm by email to the Courtroom Deputy their willingness to participate in a settlement conference with a Magistrate Judge.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 27th day of January, 2025.

*Tiffany M. Cartwright*
Tiffany M. Cartwright
United States District Judge